## James D. Kerr *v.* Zachariah H. Dorsey.

APPEAL from the District Court of Carroll, *Curry*, J.

MARTIN, J. The plaintiff is appellant from a judgment sus-taining a plea of payment by the defendant. He has first drawn our attention to a bill of exceptions, which he took to the admis-sion in evidence of the following documents: a receipt of the defendant to Williamson Lisles; a note payable to Wm. H. King, signature torn off; a due bill to Williamson Lisles, signature torn off; a due bill to C. Lisles, signature torn off; an order of Wm. Lisles on S. Pulley, in favor of the defendant; and a due bill in favor of Williamson Lisles, and an order on Wm. Boyle to pay it, signature torn off.

He also objected to the admission of Dobbins, Pulley, and Parrish, as witnesses. The objection to these documents and witnesses, was on the score of irrelevancy to the issue. The court expressed its opinion that circumstantial evidence is admis-sible to prove payment, and consequently that any circumstance going to raise the presumption of payment is admissible.

There is nothing in this bill which enables us to judge of the relevancy or irrelevancy of the testimony of these witnesses, nor perhaps of that of the document; but as the whole was received, and the case was not tried by a jury, it is of little importance to inquire whether the bill of exceptions was properly taken.

The plaintiff sues on a note of the defendant to Williamson Lisles or bearer, for one thousand dollars, payable on demand, dated September 24th, 1836, of which he is the holder. The claim was resisted on the ground, that the plaintiff came to the possession of said note, as heir to W. Lisles, after its maturity. That the defendant paid, or settled with the payee, during his life,

for said note; and that, until his death, long accounts existed between him and the defendant, who paid large sums of money for him. The plaintiff gave no evidence of the manner in which the note came to his hands, except his marriage with the payee's only daughter.

There is no evidence of any demand of the amount of the note by the payee, or by the plaintiff, till the commencement of the present suit, which originated about five years after the date of the note. The principal document offered in support of the plea of payment, is a receipt of the defendant to Lisles for $300, paid to him by the latter, for the travelling expenses of his (Lisle's) daughter. This is the first document excepted to. There is no proof of its having been in the possession of Lisles, and the defendant has not shown, if ever it was in Lisle's possession, how he (the defendant) became possessed of it. This receipt bears date the 11th April, 1838, eighteen months after the date of the note. The other documents being deprived of the signature of the makers, and not connected by any evidence with the note on which this suit is brought, throw very little light on the transaction. There is not the least evidence of any payment, nor of the documents excepted to being at all connected with any transaction, from which it may be inferred that the defendant has made any advances to, or payment for Lisles, which may assist him in establishing the payment of the note, in the whole or in part. The want of demand of payment until the inception of the present suit, cannot avail the defendant. The plaintiff, in our opinion, ought to recover.

It is, therefore, ordered, that the judgment be annulled and reversed, and that the plaintiff recover from the defendant the sum of one thousand dollars, with interest at ten per cent per annum, from the 24th of September, 1836, till paid, with costs in both courts.

*Hyams* and *Dunlap*, for the appellant.

*Stacy*, contra.